UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. SA 16 CR 742 XR |
| BRIAN NEAL BOND | |

GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION TO DISMISS INDICTMENT

TO THE HONORABLE XAVIER RODRIGUEZ, UNITED STATES DISTRICT JUDGE:

COMES NOW, the United States of America, by and through its undersigned counsel, and in opposing the Defendant's Motion to Dismiss for Lack of Jurisdiction states as follows:

I.     The Charges

On October 19, 2016, the Defendant was charged by indictment with two counts of reckless damage to a protected computer during unauthorized access in violation of Title 18, United States Code, §§ 1030(a)(5)(B)[1] and 1030(c)(4)(A)[2]. Being alleged violations of federal criminal law, jurisdiction is conferred on this honorable Court by Title 18, United States Code, § 3231.[3]

---

[1]     Whoever intentionally accesses a protected computer without authorization, and as a result of such conduct, recklessly causes damage shall be punished as provided in subsection (c) of this section.

[2]     Providing:
imprisonment for not more than 5 years, or both, in the case of—
(i) an offense under subsection (a)(5)(B), which does not occur after a conviction for another offense under this section, if the offense caused (or, in the case of an attempted offense, would, if completed, have caused)—
(I) loss to 1 or more persons during any 1-year period (and, for purposes of an investigation, prosecution, or other proceeding brought by the United States only, loss resulting from a related course of conduct affecting 1 or more other protected computers) aggregating at least $5,000 in value.

[3]     The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.

II.    The Factual Allegations

From September 2010 to approximately April 2015, the Defendant worked for the company identified in the Indictment as AAM as its information technology help desk manager at AAM's facility in Boerne, Texas, which is in the Western District of Texas.  AAM, based in Colorado, utilized computer systems which were engaged in interstate commerce.  As such, AAM's computer systems are considered "protected computers" within the meaning of Title 18, United States Code, § 1030(e)(2)(B).  The Defendant left AAM's employment in April 2015 to accept a position as a contract computer specialist for the Administrative Office of the United States District Court for the Western District of Texas.  Beginning approximately June 8, 2015, and continuing until approximately January 12, 2016, the Defendant, without authorization, accessed AAM's computers 124 times, utilizing the Court's computer system for 52 of his 124 unauthorized accesses, including the access on January 7, 2016, which is the subject of Count One of the Indictment.  On two of those occasions, those specified in the Indictment, being January 7, 2016, and January 12, 2016, The Defendant shut down AAM's trading system, making it unavailable to customers, which constitutes "damage" within the meaning of Title 18, United States Code, § 1030(e)(8).

III.    Argument

As the basis for seeking dismissal of the Indictment for want of jurisdiction, the Defendant challenges the United States' ability to establish a loss to AAM exceeding $5,000. Defendant is mistaken in the assertion that this merits dismissal of the Indictment on at least two bases.

First, § 1030(a)(5)(B) proscribes intentionally accessing a protected computer without authorization, and as a result of such conduct, recklessly causing damage.  That, alone, is a

federal criminal offense over which this honorable Court has jurisdiction under § 3231.  The
$5,000 figure cited by the Defendant as a threshold for jurisdiction is in fact the level of
punishment provided in § 1030(c)(4)(A).  Title 18, United States Code, § 1030(e)(11) defines
"loss" as "any reasonable cost to any victim, including the cost of responding to an offense,
conducting a damage assessment, and restoring the data, program, system, or information to its
condition prior to the offense, and any revenue lost, cost incurred, or other consequential
damages incurred because of interruption of service".  Without proof of at least $5,000 loss,
§ 1030(a)(5)(B) is a misdemeanor.  At trial, the Defendant could ask for that as a lesser included
offense.  *See, e.g.,* ***United States v. Phillips***, 477 F.3d 215, 223-24 (5th Cir. 2007), *cert. denied*,
552 U.S. 820 (2007) (discussing the varying punishment levels of § 1030(a)(5)(A)).  Should the
Defendant forego seeking a lesser included offense at trial, and should the United States fail to
prove the $5,000 loss threshold, the Defendant would then be entitled to an acquittal, which
brings us to the second fallacy in the Defendant's argument for dismissal of the Indictment.

        The Defendant argues that the proof of loss presented by the United States to the
Defendant in discovery is "speculative" and "exaggerated".  He also implicitly blames the victim
for not fixing the problem faster, thereby driving up the loss amount.  These are all questions of
fact for a jury to determine, and do not form the basis for dismissal of an Indictment.  Under
F.R.Crim.P. Rule 12(b)(3)(B)(v). "[A] motion to dismiss an indictment for failure to state an
offense is a challenge to the sufficiency of the indictment" and requires the court to "take the
allegations of the indictment as true and to determine whether an offense has been stated."
***United States v. Kay***, 359 F.3d 738, 742 (5th Cir.2004) (citation and footnote omitted).  As the
Court said:

        [I]t is well settled that an indictment must set forth the offense with sufficient
        clarity and certainty to apprise the accused of the crime with which he is charged.

> The test for sufficiency is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimum constitutional standards; namely, that it [ (1) ] contain[ ] the elements of the offense charged and fairly inform[ ] a defendant of the charge against which he must defend, and [ (2) ], enable[ ] him to plead an acquittal or conviction in bar of future prosecutions for the same offense.

*Id.* (internal citations, quotation marks, and footnotes omitted).  Applying that method here, the Indictment clearly states on offense, and puts the Defendant on notice as to the elements and what he must defend now or in any future prosecution.

IV.    Conclusion

The Defendant does not set forth a legal basis for the dismissal of the Indictment other than asking the Court, pretrial, to pre-judge the sufficiency of the evidence.  The Defendant cites no legal authority to do so.  The Indictment properly charges a crime over which this honorable Court has jurisdiction.  The sufficiency of the evidence – whether it is "speculative" or "exaggerated", or due to "protocols that were faulty and neglected by the company" – is for the jury to find.[4]  Accordingly, the Motion to Dismiss should be denied.

Respectfully submitted,

RICHARD L. DURBIN, JR.
United States Attorney

_____/s/_____
WILLIAM R. HARRIS
Assistant United States Attorney
Ohio State Bar No. 0017818
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216-5597
(210) 384-7025
(210) 384-7028 FAX
Bill.Harris@usdoj.gov

---

[4]    Absent a finding by the Court *at trial* under F.R.Crim.P. Rule 29 that "the evidence is insufficient to sustain a conviction."

4

CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of February 2017, a true and correct copy of the

foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF

System which will transmit notification of such filing to the following CM/ECF participant:

Kevin L. Collins, Esquire
One Alamo Center, Suite 260
106 S. St. Mary's Street
San Antonio, Texas 78205
(210) 223-9480
(210) 227-1501 fax
(210) 286-8675 mobile
kevin@kevincollinslaw.com


              /s/
      WILLIAM R. HARRIS
      Assistant United States Attorney